**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 05 2013, 9:01 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANTS PRO SE:

**RICHARD BROCK**
**GAIL BROCK**
New Trenton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

RICHARD BROCK and GAIL BROCK,    )
                                 )
    Appellants-Plaintiffs,    )
                                 )
        vs.    )    No. 15A05-1208-PL-401
                                 )
PAMELA GILBERT,                  )
                                 )
    Appellee-Defendant.       )

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Sally A. Blankenship, Judge
Cause No. 15D02-1206-PL-38

**June 5, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHEPARD, Senior Judge**

Richard and Gail Brock sued Pamela Gilbert when Gilbert refused to return their dog. After hearing all the evidence, the trial court concluded that Gilbert was correct in saying that the Brocks had gifted the dog. The court therefore found in favor of Gilbert. We affirm.

FACTS AND PROCEDURAL HISTORY

Richard bought a German Shepherd puppy in April 2010 as a birthday gift for his wife Gail. They named him Kaizer. Richard was later diagnosed with cancer, and around September 2011, when he became too weak to care for Kaizer, they asked their niece Pamela Gilbert to care for him until Richard regained his strength.

The Brocks and Gilbert subsequently disagreed about who should keep Kaizer. In June 2012, Richard went to Gilbert's house to get Kaizer back, but no one answered the door. He consequently filed a report with the police department and a replevin action in the Dearborn Superior Court.

At a hearing, the Brocks claimed their agreement was always that Gilbert would care for Kaizer until Richard's health improved. Gilbert agreed this was the initial understanding but claimed when Richard saw how attached her children were to Kaizer, he said they could keep him. Gilbert noted in passing that Kaizer had vacationed with her and her family twice. She also offered notarized letters from witnesses, which the court apparently admitted.[1]

After the hearing, the court issued an order stating in part:

---

[1] The notarized letters are not included in the record on appeal; however, the court's statements at the hearing indicate they would be considered. *See* Tr. pp. 23, 24.

3. The Defendant presented evidence that she had cared for the dog for approximately a year during which time she had paid for all expenses, including food and veterinary care, except for an initial approximate two week supply of food. The Defendant has received no funds for her services in boarding and caring for the dog.

4. There is no written agreement regarding the dog and there are conflicting statements on what the verbal agreement was. However, the length of time the dog has been in Defendant's care without any reimbursement would support the Defendant's testimony that she was given the dog.

5. The Defendant's testimony was that the dog has a value as a breeder and that that is the Plaintiffs' primary interest.

6. There was testimony that the dog is better cared for by the Defendant as the dog was confined in a small cage for lengthy periods while in the Plaintiffs' care and the Defendant is able to care for the dog without the confinement.

Order, Appended to Appellants' Br. Based on the totality of the circumstances, the court denied the request for replevin.

## ISSUES

The Brocks raise two issues on appeal: (1) whether the court improperly relied on certain evidence and (2) whether the court denied them the right to cross-examination.

## DISCUSSION AND DECISION

The Brocks first contend the court erred by relying on certain evidence. They challenge Gilbert's testimony that Kaizer had been on vacation with her family by noting the near logistical impossibility of fitting the family along with Kaizer in their midsize car. The Brocks also challenge the court's apparent use of the notarized letters to find that they confined the dog for lengthy periods and that their primary interest in the dog was for breeding, noting their right to own and breed Kaizer if they wish.

3

However, it was within the province of the trial court to decide whom to believe. *See Marlow v. Conley*, 787 N.E.2d 490, 494 (Ind. Ct. App. 2003) (deferring to trial court's determination of credibility). The court was thus within its authority to give credit to Gilbert's testimony and the notarized letters.

The Brocks nonetheless argue it was unfair for the court to say the notarized letters were "irrelevant" but then to rely on them in its decision. Appellants' Br. p. 5. As far as we can tell from the transcript, the court never used the word "irrelevant." What the judge actually said at the time the letters were offered was: "I think the best testimony is just of the people here." Tr. p. 23. A fair reading of this comment merely reflects the importance of the testimony of the parties directly involved in the dispute—the Brocks and Gilbert.

The Brocks next contend they were denied the right to cross-examine the witnesses who wrote the letters. The Brocks filed their lawsuit on the court's civil plenary docket and thus possessed the full range of procedural tools available to litigants. Had they wanted to subpoena the authors of the letters or to bring in new witnesses to controvert them, they should have asked the court to let them do so. Judge Blankenship went out of her way to assist both parties as they worked their way through a bench trial without lawyers, and she doubtless would have entertained such a request with the same good will she demonstrated throughout.

Still, a court on appeal cannot grant relief on procedural grounds such as these unless the issue was first brought before the trial court. *See Trout v. Trout*, 638 N.E.2d

4

1306, 1308 (Ind. Ct. App. 1994) (party waived claim that he was denied due process right to cross-examination where he made no request before the trial court), *trans. denied*.

<u>CONCLUSION</u>

We therefore affirm the trial court's judgment.

NAJAM, J., and PYLE, J., concur.